IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLISON M. OVERCASH,<br><br>          Plaintiff;<br><br>     v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>          Defendant. | Civil Action No. 19-00737-RGA |

MEMORANDUM ORDER

Before me is the Report & Recommendation ("Report") of a United States Magistrate Judge. (D.I. 18). It addresses Plaintiff's motion for summary judgment (D.I. 9) and Defendant's cross-motion for summary judgment (D.I. 14). Defendant filed objections to the Report. (D.I. 19). Plaintiff responded to Defendant's objections. (D.I. 20). The Magistrate Judge's Report is comprehensive, and I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of them except as I think necessary to explain my decision.

This action arises from the denial of Plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.[1] Plaintiff filed a Disability Insurance Benefits application on April 2, 2015.[2] (Tr. at 214). She alleged disability beginning March 11, 2011. (*Id.*). Her application was denied initially on February 18, 2016, and upon

---

[1] The record from the administrative proceeding is found in exhibits to D.I. 7. The record is consecutively paginated and is referred to as "Tr. at ___."
[2] There are discrepancies in the record and briefing as to the date Plaintiff applied for Disability Insurance Benefits. The ALJ noted that Plaintiff filed her DIB application on February 27, 2015, but the application is dated April 2, 2015. (Tr. at 14; Tr. at 214-15).

reconsideration on June 10, 2016.[3] (*Id.* at 130-34, 137-41). Plaintiff subsequently requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 33).

The ALJ held a hearing on April 18, 2018. (*Id.*). The ALJ issued a decision denying Plaintiff's request for Disability Insurance Benefits on May 25, 2018, finding that Plaintiff was not disabled under the Social Security Act. (*Id.* at 14-24). The Appeals Council denied Plaintiff's request for review on March 5, 2019. (*Id.* at 2-4). Plaintiff filed this action on April 25, 2019. (D.I. 1).

Magistrate Judges have the authority to make recommendations as to the appropriate resolution of an appeal of a decision of the Commissioner. *See* 28 U.S.C. § 636(b)(1). In the event of an objection, this Court reviews the objected-to determinations *de novo*. *See* 28 U.S.C. § 636(b)(1)(c).

The main issue in this case is whether Plaintiff was disabled within the meaning of the Act at any time from March 11, 2011, the alleged onset date of the disability, through December 31, 2016, the date last insured. (Tr. at 23; D.I. 18 at 19). The ALJ found that Plaintiff was not disabled for the relevant period. (Tr. at 23; D.I. 18 at 22).

"Despite the deference due to administrative decisions in disability benefits cases, appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (internal quotation and citation omitted). "A district court, after reviewing the decision of the [Commissioner] may, under 42 U.S.C. §405(g) affirm, modify, or

---

[3] The Notice of Disapproved Claim on Reconsideration is not dated, but the ALJ noted that Plaintiff's claim was denied upon reconsideration on June 10, 2016. (Tr. at 14; Tr. at 137-41).

reverse the [Commissioner]'s decision with or without a remand to the [Commissioner] for a rehearing." *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

In her Report, the Magistrate Judge examined whether the ALJ's decision is supported by "substantial evidence." *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2015); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). The Report focuses on Plaintiff's three main arguments: (1) the ALJ failed to provide adequate reasons for affording Plaintiff's medical opinion evidence some, little, or limited weight; (2) the ALJ's hypothetical to the vocational expert failed to describe all of Plaintiff's impairments; and (3) the ALJ failed to account for Plaintiff's migraine headaches in her residual functional capacity finding. (D.I. 18 at 22).

The Report recommends finding for Defendant on the first two arguments. (*Id*. at 26-27, 28). The parties do not object to the Report's recommendations in that regard. I have read the Report, and the Magistrate Judge's unobjected-to recommendations are well-supported. Therefore, I will accept those recommendations.

Plaintiff argues that the ALJ's finding of residual functional capacity failed to account for limitations arising from her migraine headaches and provided no accompanying explanation. (*Id.* at 28; D.I. 10 at 23-27). The ALJ found that Plaintiff had four "severe impairments," one of which was "migraines." (Tr. at 15). The ALJ noted that Plaintiff reported migraines occurring around her menstrual periods, as well as stress headaches. (Tr. at 18). The ALJ also stated that Plaintiff attributed her inability to work in part to migraines. (*Id.* at 19).

The Magistrate Judge noted the Third Circuit's guidance to ALJs in making a residual functional capacity determination, that the ALJ "must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." (D.I. 18 at 28, citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (internal quotation marks and

citations omitted)). The Report describes that the ALJ "failed to credit, refute, or otherwise explain contradictory medical evidence regarding [Plaintiff's] migraine headaches." (D.I. 18 at 29). Without a discussion of most of the treatment notes describing Plaintiff's migraines, the ALJ concluded that "environmental limitations [in Plaintiff's residual functional capacity] would prevent possible migraine triggers."  (Tr. at 20-21). The Magistrate Judge further found that the ALJ failed to explain any nexus between environmental limitations and migraine headaches associated with Plaintiff's menstrual cycles.[4] (D.I. 18 at 29). In the absence of such explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Burnett*, 220 F.3d at 121.

Defendant's objection to the Report is essentially that it requires too much detail, and that there is substantial evidence in support of the ALJ's conclusion because the ALJ included the (boilerplate) statement that I believe is in every ALJ ruling I have ever seen:

> After careful consideration of the evidence, I find the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. at 19).  I have nothing against boilerplate statements as a general rule, as I, like most judges, rely upon them.  But, here, the severe impairment of "migraines" is rejected essentially entirely and without acknowledgment by the boilerplate (unlike the lengthy explanations regarding the other severe impairments).  Defendant examines the record at some length in its objections.  (D.I. 19 at 5-6).  Some of Defendant's analysis is on point, and perhaps the ALJ thought the same way.

---

[4] It is not obvious to me either how "environmental" limitations would impact Plaintiff's menstrual-related migraines, although it seems reasonable to conclude that they might minimize work-related stress-induced migraines.

4

But I cannot conclude that it is a foregone conclusion that remanding the case to the ALJ for a reasoned explanation is a pointless exercise that "would be a waste of time and resources." (*Id*. at 6).

Therefore, I will accept the recommendation that the case be remanded for, at minimum, a sufficient explanation of the impact of Plaintiff's migraines on her residual functional capacity. On this issue, I will therefore grant Plaintiff's motion for summary judgment, and deny defendant's motion for summary judgment. I will remand for further administrative proceedings consistent with this recommendation. Defendant's objection (D.I. 19) is **OVERRULED**.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (D.I. 9) is **GRANTED-IN-PART** and **DENIED-IN-PART**, and Defendant's cross-motion for sumary judgment (D.I. 14) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The case is **REMANDED** for further administrative proceedings consistent with this order.

Entered this 10th day of July, 2020.

   /s/ Richard G. Andrews    
United States District Judge